# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA MONTEZ, DANIEL WARE, MICHAEL SABOUHI<br><br>                      Plaintiffs,<br><br>  vs.<br><br>CHASE HOME FINANCE LLC; JPMORGAN CHASE, N.A.,<br><br>                      Defendants. | CASE NO. 11-CV-530 JLS (WMC)<br><br>**ORDER: DENYING DEFENDANTS' MOTION TO STAY**<br><br>(ECF No. 17) |

Presently before the Court is Defendants Chase Home Finance LLC and JPMorgan Chase, N.A.'s (collectively, Chase) motion to stay pending the Ninth Circuit's decision in *Morales v. Chase Home Finance LLC*, No. 11-16205 (9th Cir.). (ECF No. 17.) Also before the Court are Plaintiffs Dianna Montez, Daniel Ware, and Michael Sabouhi's opposition (Opp'n, ECF No. 26), and Chase's reply (Reply, ECF No. 28). Having considered the parties' arguments and the law, the Court **DENIES** Chase's motion.

## BACKGROUND

Plaintiff Dianna Montez filed this putative class action on March 17, 2011. (ECF No. 1.) The operative first amended complaint alleges claims for (1) unlawful, unfair, and fraudulent business practices in violation of California's Unfair Competition Law; (2) unfair debt collection practices in violation of California's Rosenthal Fair Debt Collection Practices Act; (3) violation of California's

1  Consumer Legal Remedies Act; (4) breach of contract and breach of the implied covenant of good
2  faith and fair dealing; (5) promissory estoppel; and (6) unjust enrichment.  (FAC ¶¶ 283–372, ECF
3  No. 15.) The gravamen of Plaintiffs' complaint is that Chase promised Plaintiffs permanent mortgage
4  loan modifications that it never intended to grant.  (*See generally* FAC ¶ 3.)  Chase's conduct
5  allegedly caused Plaintiffs to forego other potential avenues of relief from foreclosure, caused
6  Plaintiffs to incur excessive fees, and damaged Plaintiffs' credit ratings.  (*See generally id.* ¶¶ 3–4.)

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In determining whether a stay is appropriate pending resolution of another case, a district court must consider various competing interests, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).  "[I]f there is even a fair possibility that the stay for which he prays will work damage to some one else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.  "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

## ANALYSIS

At this time, the Court will deny Chase's motion to stay because Chase has not carried its burden of demonstrating a "clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.  In support of its motion, Chase cites a single hardship it will suffer if its motion is denied—it "may be put to the significant burden and expense of engaging in potentially broad-ranging and expensive discovery concerning this putative class action."  (Mem. ISO Mot. 8, ECF No. 17-1; *accord* Reply 9-10.)  Although Chase cites several district court cases holding that the prospect of class discovery constitutes a "hardship or inequity" to the proponent of a stay under

1  *CMAX*, *see, e.g.*, *Lopez v. Am. Express Bank, FSB*, 2010 WL 3637755, at *5 (C.D. Cal. Sept. 17,
2  2010); *Minor v. FedEx*, 2009 WL 1955816, at *1 (N.D. Cal. July 6, 2009), these cases conflict with
3  the Ninth Circuit's unequivocal holding in *Lockyer* that "being required to defend a suit, without more,
4  does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*," 398 F.3d at
5  1112; *accord Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.
6  2007) (citing *Lockyer*, 398 F.3d at 1112); *ASIS Internet Servs. v. Member Source Media, LLC*, 2008
7  U.S. Dist. LEXIS 109241, at *6 (N.D. Cal. Sept. 8, 2008) (citing, *inter alia*, *Dister v. Apple-Bay E.,
8  Inc.*, 2007 U.S. Dist. LEXIS 86839, at *11–12 (N.D. Cal. Nov. 14, 2007)). In light of *Lockyer*, the
9  Court finds the cases cited by Chase unpersuasive.

10        On the other hand, there is at least a "fair possibility" that a stay would harm Plaintiffs and
11  members of the putative class. This is because Plaintiffs not only seek damages, but also injunctive
12  relief under California's Unfair Competition Law and Consumer Legal Remedies Act against
13  allegedly ongoing fraudulent, unfair, and unlawful business practices. (*See* FAC ¶¶ 289, 298, 306,
14  330, 373.A–B.) If Plaintiffs' allegations are true, Chase will continue to obtain excessive fees from
15  Plaintiffs and the putative class in violation of California law. Members of the putative class who
16  breach a repayment or forbearance plan because of their economic circumstances will face potential
17  foreclosure of their homes. (Reply 6.) Although Chase argues that an award of damages would
18  suffice to render Plaintiffs and the putative class whole (*id.* at 6–7), the Court is mindful that damage
19  to one's credit rating, *United States v. Castle*, 2011 WL 1585832 (E.D. Cal. Apr. 22, 2011), and loss
20  of one's home to foreclosure, *Wrobel v. S.L. Pope & Assocs.*, 2007 WL 2345036, at *1 (S.D. Cal. Aug.
21  15, 2007), constitute irreparable injuries. Accordingly, Plaintiffs' prayer for injunctive relief renders
22  a stay inappropriate here. *See Landis*, 299 U.S. at 255; *Lockyer*, 398 F.3d at 1112 (holding that prayer
23  for injunctive relief against ongoing in future harm weighed against granting a stay).

24  //
25  //
26  //
27  //
28  //

**CONCLUSION**

In light of the possibility that a stay would harm Plaintiffs and the putative class, Chase has not made the requisite "clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.  Accordingly, Chase's motion to stay is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: July 13, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge